## IN THE SUPERIOR COURT OF GUAM

PITT COUNTY MEMORIAL HOSPITAL, INCORPORATED,

Plaintiff,

vs.

SHERIF ANTOUN PHILIPS, M.D.,

Defendant.

CIVIL CASE NO. CV0478-18

**DECISION AND ORDER DECLARING SHERIF A. PHILIPS A VEXATIOUS LITIGANT; PRE-FILING ORDER**

The Court addresses the portion of its June 23, 2023 Order to Show Cause regarding whether Defendant Sherif Philips should be named a vexatious litigant and subject to a pre-filing order. The Court held show cause hearing on July 13 and July 27, 2023, hearing arguments from both Plaintiff Pitt County Memorial Hospital (PCMH) and Philips. Based on Philips' lengthy and abusive litigation behavior and every indication that this behavior will continue, the Court declares him a vexatious litigant, strikes all pending motions filed by him, and issues this Pre-filing Order.

## I. PROCEDURAL BACKGROUND

On December 6, 2022, PCMH filed a Motion for an Order of Contempt of Court and Declaration of Vexatious Litigant. Mot. Order Contempt of Court & Decl. Vexatious Litigant (Dec. 6, 2022). On December 13, 2022, Philips filed an opposition to PCMH's Motion, repeating the same copy-and-paste arguments consistently presented in his filings. Reply to Pl. Mot. (Dec. 13, 2022). The opposition did not directly address the issue of declaring Philips a vexatious litigant.

The Court issued an Order to Show Cause on June 23, 2023, for a July 13, 2023, hearing for Philips to show "why [he] should not be declared a vexatious litigant." Order to Show Cause (June 23, 2023). The OSC was scheduled six months after PCMH initially filed its motion due to

ORIGINAL

multiple pending motions filed by Philips as detailed below, an attempted appeal by Philips, and subsequent guidance from the Supreme Court of Guam on the proper procedure and law for issuing a vexatious litigant pre-filing order. Not. Appeal (Feb. 20, 2023); Order Am. June 1, 2023 Order (June 9, 2023). At the show cause hearing, PCMH requested that Philips be declared a vexatious litigant and subject to a pre-filing order and sanctions for his vexatious conduct. Philips' primary arguments at the hearing were the same arguments provided by his opposition and repeatedly raised in his other filings regarding constitutional law, jurisdiction, and miscellaneous rules.

## II.    **LAW AND DISCUSSION**

The guidance from the Supreme Court of Guam, noted above in relation to the Court's delay in issuing its Order to Show Cause, culminated in *RSA-Tumon, LLC v. Pitt Cnty. Mem'l Hosp., Inc.*, 2023 Guam 8. This Opinion by the Supreme Court issued a vexatious litigant pre-filing order directed at Philips, the same individual that this Order addresses. *RSA-Tumon, LLC*, 2023 Guam 8. This Opinion provided guidance, as detailed in the following paragraph, for a Court when issuing a vexatious litigant pre-filing order.

"The courts of Guam have the 'inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions in appropriate circumstances.'" *Id.* ¶ 13. A pre-filing order against a vexatious litigant may be issued (1) "where the litigant's lengthy and abusive history is set forth;" (2) "the court provides guidelines as to what the litigant may do to obtain its permission to file an action;" and (3) "the litigant receives notice and an opportunity to oppose the court's order before it is implemented." *Id.* ¶ 40. When issuing a vexatious litigant order, the order itself 'must be narrowly tailored to closely fit the specific vice encountered.'" *Id.* In deciding to issue a pre-filing order, "[u]ltimately, the question the court must answer is whether a litigant who

ORIGINAL

has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties.'" *Id.* ¶ 42.

### A. Philips has a lengthy and abusive history filing history in this Court.

The first Decision & Order in this case detailing Philip's lengthy and abusive filing history was issued by the Honorable Maria T. Cenzon on September 30, 2022, in relation to Philips' third attempt to disqualify the undersigned. Dec. & Order re Def. Third Mot. Disqualification (Sept. 20, 2022) ("D&O"). Judge Cenzon addressed Philips' history of vexatious behavior up to that point as it related to her review of Philips' Motion to Disqualify. *Id.* This behavior included "incessant and baseless recusal motions," repeated arguments on previously disposed of issues, and disregard for the local rules. *Id.* The Court hereby incorporates Judge Cenzon's analysis of Philips' behavior up until September 2022 into this Order.

Since the issuance of Judge Cenzon's D&O, Philips has continued with the vexatious behavior addressed by the D&O. As it relates to his lack of compliance with the local rules, Philips has since been sanctioned and warned against filing motions without the requisite CVR 7.1 Form 1; yet, he continues to do so. Order Striking "Rule 59" Filing and Imposing Sanctions (Nov. 7, 2022); Mot. Strike (April 11, 2023) (filed without a CVR 7.1 Form 1). Similarly, Philips has recently begun filing documents entitled "Reply to the Court" in which he informs the Court of his disagreement with its ruling; despite having been warned against this behavior, he continues to file these "replies." Order Denying Def. Reply to the Court Order Striking Rule 59 (Feb. 16, 2023); Reply to the Court (Nov. 8, 2022) (stricken from the record); Reply to the Court (Apr. 11, 2023) (stricken from the record); Reply to the Court (Apr. 28, 2023) (stricken from the record); Reply to the Court (May 17, 2023) (stricken from the record). In addition, Dr. Philips has been temporarily

ORIGINAL

barred from submitting filings pending his payment of sanctions.  Order (June 15, 2023); Order Lifting June 15, 2023 Order (July 7, 2023).

Finally, Philips' most abusive behavior is that fact that he raises the same copy-and-paste arguments in every filing, including the jurisdictional arguments Judge Cenzon addressed in the September 2022 D&O.  Practically every filing made by Philips repeats the same language regarding jurisdiction, the North Carolina Court's judgment, constitutional violations (Due Process, 5th Amendment, 14th Amendment), various Rules of Civil Procedure (54, 59, 60, 62), and issues with the Court.  *See e.g.*, Order Denying Recon. Quash Subp. (Apr. 7, 2023).  These arguments have been previously addressed and are wholly irrelevant.  *See Id.*; Order Denying "Mot. Stay – Rule 8 – Rule 62 Rule 54(d)" (Aug. 31, 2023).  For example, in April 2023, the Court issued an order that sanctioned Philips for his copy and paste arguments when he filed a document entitled "Reconsideration of Quash Subpoena" but failed to address a subpoena.  Order Denying Recon. Quash Subp. at 2.  The filing merely contained the same copy and paste language repeatedly presented to the Court.  Moreover, in the Supreme Court of Guam's vexatious litigant pre-filing opinion regarding Philips, they detailed Philip's long and abusive history in a related case, including his history in the Superior Court.  *RSA-Tumon, LLC*, 2023 Guam 8 ¶ 38-44.  The Court therefore incorporates this history provided by the Supreme Court's Opinion into this Order.  To close out the discussion regarding Philips' lengthy and abusive filing history, the Court notes Philips has shown no indication that this behavior will stop.  His opposition to this Motion and his arguments in Court during the show cause hearing highlight this as he once again repeated the same copy and paste arguments.

**B. The Court issues a pre-filing order, informing Philips how he may file documents in this Court.**

ORIGINAL

Next, the Court turns to the guidelines for Philips' filings going forward. The Court issues a prefiling order for Philips requiring any motion filed by Dr. Philips to be preceded by a "Request to File a Motion," whereby the Court can determine if the Motion raises new arguments and should be subject to regular motion practice. If the Court approves the Request to File the Motion, it will order Philips to file a CVR 7.1 Form 1. Additionally, to deter non-compliance with this pre-filing procedure and attempts to circumvent limitations on his abusive behavior, the Court implements sanctions of no less than $250 for each of the following circumstances: every instance in which Philips repeats a rejected argument in any filing, every instance in which Philips files a Motion without the accompanying Request, and every instance in which Philips proposes a motion in bad faith. All sanctions, if issued, must be paid within ten business days.

The Court note that Opposition Memoranda filed by Dr. Philips in response to Motions filed by other parties are not subject to the requirement that Dr. Philips first file a Request. However, any filing by Dr. Philips, even if it is in response to another parties' filing, may be subject to sanctions if it repeats a rejected argument or is filed in bad faith.

### C. Philips had notice and an opportunity to oppose this Order before its issuance.

Finally, the Court notes that Philips received notice and has had an opportunity to oppose this Order. PCMH initially filed its Motion to have Philips declared a vexatious litigant in December of 2022, and Philips promptly filed an opposition. Subsequently, the Court issued its Order to Show Cause on June 23, 2023, for the July 13, 2023, hearing, and the Marshalls executed personal service of the Order on Philips. Aff. Serv. (June 29, 2023). Moreover, at the hearing on July 13, 2023, the Court allowed Philips to postpone the hearing until July 27, 2023. Therefore, Philips had sufficient notice and opportunity to be heard, and the Court issues a pre-filing order

ORIGINAL

against Philips as it has satisfied the three-part test for implementing a pre-filing order against a vexatious litigant.

### D. Pending Motions Filed by Philips

As the Court has found Philips to be vexatious litigant and issues a pre-filing order against him, the Court now turns to the extensive list of outstanding motions filed by Philips. These outstanding motions all contain the same repetitive, disposed of, and meritless claims as discussed above. Therefore, the Court strikes all pending motions filed by Philips, including but not limited to the following filings:

1. Functus Officio Doctrines & Rule 62 filed August 4, 2022;

2. Slander, Harassment, Defamation, Fraud, Fraud upon the Court, Fraud in the Court and Injunction Relief filed September 19, 2022;

3. Motion to Strike filed on April 11, 2023;

4. Rule 59 § Slander, Harassment, Defamation and Torts Claims filed May 30, 2023;

5. Petition of Recusal filed on July 7, 2023;

6. Transfer and Consolidation the Claim to North Carolina District Court filed on September 6, 2023;

7. Motion to Stay filed on September 29, 2023.

## III. CONCLUSION AND ORDER

The Court hereby declares Philips a vexatious litigant. The Court therefore strikes all pending motions filed by Philips and orders that the following pre-filing restrictions be imposed upon him:

1. **Pre-filing Order.** Prior to filing any motion, Dr. Philips must first seek permission. Any motion filed by Dr. Philips should be preceded by a "Request to file a Motion," whereby

ORIGINAL

the Court determines if the Motion raises new grounds and should be subject to regular motion practice. If the Court approves the Request to file the motion, it will order Dr. Philips to file a CVR 7.1 Form 1. No filings by Dr. Philips shall repeat arguments previously rejected by this Court or the Supreme Court of Guam, or be filed in bad faith.

2. **Sanctions** – Sanctions may be warranted under the following circumstances:

   a. If Dr. Philips repeats rejected arguments in any filing, he may be subject to sanctions of no less than $250.

   b. If Dr. Philips files a Motion without first filing a Request, he may be subject to sanctions of no less than $250.

   c. If Dr. Philips proposes a motion in bad faith, the Court will subject him to sanctions of no less than $250.

   d. Sanctions must be paid within 10 business days.

Sanctions may be issued sua sponte, or following an Order to Show Cause, or upon Motion by any appearing party. If a party moves for sanctions, sanctions may include attorney's fees and costs.

**SO ORDERED, 4 October 2023.**

HON. ELYZE M. IRIARTE
Judge, Superior Court of Guam

SERVICE VIA E-MAIL
I acknowledge that an electronic
copy of the original was e-mailed to:
Berman ; Annika
Sherif Philips
Date 10/4/23  Time: 332 pm
Shermaila
Deputy Clerk, Superior Court of Guam

ORIGINAL